1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9
10
11
12
13
14
15

BRADLEY JOHANSEN,

        Plaintiff,

    v.

OFFICER A.J. COX and the CITY OF
KENT,

        Defendants.

Case No.  C16-416RSL

ORDER GRANTING DEFENDANTS'
RULE 12(c) MOTION FOR
JUDGMENT ON THE PLEADINGS

16

# I. INTRODUCTION

17
18
19
20
21

    This matter comes before the Court on defendants' motion for partial judgment on the pleadings (Dkt. #13).  Plaintiff Bradley Johansen filed a state-court complaint alleging negligence and civil rights claims against defendants Officer A.J. Cox and the City of Kent. Defendants removed the case and moved for judgment on the pleadings on all claims except for the excessive force claim against Officer Cox.

22

    For the reasons set forth below, the Court grants defendants' motion.

23

# II. BACKGROUND

24
25
26

    On May 17, 2014, plaintiff was in custody at the City of Kent Correctional Facility (CKCF).  That morning, Officer Cox inspected plaintiff's cell.  As a result of the inspection,

27
28

ORDER GRANTING DEFENDANTS'
RULE 12(c) MOTION FOR PARTIAL
JUDGMENT ON THE PLEADINGS - 1

Officer Cox informed plaintiff he would be placed in a 72-hour lockdown.  Plaintiff did not move from his seated position in a top bunk.  Officer Cox grabbed plaintiff's arm and leg and pulled.  When plaintiff landed on the floor, he broke his ankle.  In February 2016, plaintiff filed a complaint in King County Superior Court alleging negligence by both defendants and that Officer Cox used excessive force in violation of plaintiff's constitutional rights.  Plaintiff also claimed the City of Kent[1] negligently trained and supervised Cox and that the City's failure to train, supervise, and discipline police officers amounts to a civil rights violation.  Dkt. #1 at 7, ¶¶ 4.1-4.4.  Defendant removed the action (Dkt. #1) and answered (Dkt. #3).  This motion followed.

### III. ANALYSIS

After a complaint has been answered, any party may move for judgment on the pleadings so long as the motion does not delay trial.   Fed. R. Civ. P. 12(c).  Judgment on the pleadings is proper "when, accepting all factual allegations in the complaint as true, there is no issue of material fact in dispute, and the moving party is entitled to judgment as a matter of law."  Chavez v. U.S., 683 F.3d 1102, 1108 (9th Cir. 2012) (internal brackets omitted).  When, as here, the moving party asserts the defense that the complaint fails to state a claim, the Rule 12(c) analysis is substantially identical to that under Rule 12(b)(6) where "a court must assess whether the complaint contains sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  Chavez, 683 F.3d at 1108 (internal quotation marks and brackets omitted); see also Ashcroft v. Iqbal, 556 U.S. 662, 673 (2009).

### A.  Documents Considered

The Court's review under Rule 12(c) is generally limited to the pleadings.  See United States v. Corinthian Colleges, 655 F.3d 984, 998-99 (9th Cir. 2011).  If matters outside the

---

[1]     Plaintiff's complaint states "The City of Seattle is liable for the damages which resulted due to its negligence in training and supervising Officer Cox." Dkt. #1 at 7, ¶ 4.2. Assuming plaintiff intended to allege the City of Kent's liability, the claim is dismissed with prejudice for reasons stated below.

ORDER GRANTING DEFENDANTS'
RULE 12(c) MOTION FOR PARTIAL
JUDGMENT ON THE PLEADINGS - 2

pleadings are considered, the motion is converted into one for summary judgment.  Fed. R. Civ.

P. 12(d).  However, Ninth Circuit authority indicates the Court can consider three types of

extrinsic evidence without converting a 12(c) motion into a motion for summary judgment.  See

Corinthian Colleges, 655 F.3d at 999.  First, the Court may take judicial notice of evidence when

it is  "not subject to reasonable dispute" because it is "generally known" or "capable of accurate

and ready determination by resort to sources whose accuracy cannot be reasonably questioned."

Fed. R. Evid. 201(b); Corinthian Colleges, 655 F.3d at 999.  A second exception allows for

consideration of documents attached to the complaint.  See Corinthian Colleges, 655 F.3d at 999.

The third exception includes "evidence on which the complaint 'necessarily relies' if: (1) the

complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no

party questions the authenticity of the document."  Id.

Plaintiff describes additional evidence from the discovery process in his response.

Response (Dkt. #14) at 3-5.  None of the exceptions apply to the personnel records he discusses.

He also provides excerpts from a deposition of Officer Cox (Dkt. #15-1) which does not fall into

any of the exceptions.  Plaintiff also provides representations of "Use of Physical Force Policy

KCF F.06.01" (Dkt. #15-2) and "Restraints Policy KCF F.06.02" (Dkt. #15-3) and discusses

those policies in his response.  Plaintiff provides insufficient evidence to justify judicial notice of

the policies.  Defendants do not address the policies in their reply, but the source, publication

status, and context of the policies is not clear from the response or declaration of plaintiff's

counsel.  Plaintiff did not refer to the policies in his complaint and did not attach them.

Therefore, the policies do not fall into any exception.  The Court declines to convert this motion

into one for summary judgment and limits its consideration of defendants' motion to the

pleadings.

## B. Claim of Both Defendants' Negligence

Defendants contend that plaintiff "has not adequately pleaded either the existence of a

duty under state law or facts from which it could be reasonably inferred that [either] breached

any such duty." Motion (Dkt. #13) at 3. Defendants also argue, citing <u>Brutsche v. City of Kent</u>, 164 Wn.2d 664 (2008), that plaintiff cannot state a claim for negligence when the conduct in question is intentional.[2] Dkt. #13 at 3-4.

Plaintiff cites <u>Gregoire v. City of Oak Harbor</u>, 170 Wn.2d 628 (2010), for the proposition that jails "have an active, affirmative and nondelegable duty to protect the well-being of inmates, which includes a duty to refrain from affirmatively injuring them." Dkt. #14 at 6. In addition, plaintiff argues that a failure to exercise ordinary care includes intentional and reckless conduct. <u>Id.</u> at 8. Plaintiff alleges Officer Cox breached his duties when he grabbed plaintiff and pulled him to the floor where he broke his ankle.

Plaintiff has alleged facts indicating defendants had two duties to plaintiff. One duty is that of a "a jailor's special relationship with inmates, particularly the duty to ensure health, welfare, and safety." <u>Gregoire</u>, 170 Wn.2d at 635. This affirmative obligation clearly establishes a duty to provide medical care as well as protection from other inmates and from self-destructive acts. <u>Id.</u> at 635 n.5. This duty does not eliminate a second duty to exercise reasonable care. <u>See</u> <u>Caulfield v. Kitsap County</u>, 108 Wn. App. 242, 251 (2001) (the existence of a special relationship does not eliminate recognized duties); <u>Keller v. City of Spokane</u>, 146 Wn.2d 237, 243 (2002) (all persons are held to a general duty of care to act reasonably under the circumstances).

However, plaintiff's basic recitation of the incident does not allege facts showing defendants breached either of those duties. <u>See</u> Dkt. #1 at 6, ¶¶ 3.1-3.5. The complaint does not

---

[2]    Defendants rely on <u>Brutsche</u> for the proposition that Officer Cox could not have acted negligently because he intended to pull plaintiff from the bunk. <u>Brutsche</u> does not hold that deliberate actions of officers are not reachable in negligence. The case holds that a trespass action will lie against police officers who act unreasonably during the execution of a search warrant and damage property. <u>Brutsche</u>, 164 Wn.2d at 674. Unreasonable behavior includes accidental and intentional conduct. <u>Id.</u> The opinion does not support defendants' argument that volitional application of force by a corrections officer cannot be negligent.

ORDER GRANTING DEFENDANTS'
RULE 12(c) MOTION FOR PARTIAL
JUDGMENT ON THE PLEADINGS - 4

shed light on how Officer Cox's behavior was unreasonable under the circumstances or foreseeably dangerous to plaintiff.  The statement of facts is "merely consistent with a defendant's liability" and therefore "stops short of the line between possibility and plausibility of entitlement to relief."  Iqbal, 556 U.S. at 678.

Plaintiff's claim of City of Kent's negligence must also be dismissed.  In Washington, employers are vicariously liable for the negligent actions of their employees when those employees act within the scope of their employment.  Niece v. Elmview Group Home, 131 Wn.2d 39, 48 (1997).  Without a sufficient allegation of negligence against Officer Cox, a claim of vicarious liability against the City of Kent also fails.  Plaintiff's negligence claims are dismissed.

**C.  Claim of City of Kent's Negligent Training and Supervision**

Defendant argues that a claim of negligent supervision and training cannot stand when an employee acts within the scope of his employment as Officer Cox did.  Dkt. #13 at 4.  Plaintiff does not object to dismissal of this claim.  Dkt. #14 at 5 n.1.  The claim of negligent training and supervision against the City of Kent is dismissed.

**D.  Claim of City of Kent's Violation of Plaintiff's Civil Rights**

Defendant argues that plaintiff has not identified "a municipal policy or explain[ed] how it caused the alleged violation of his rights."  Dkt. #13 at 4.  According to the defendant, there are no facts supporting an inference "that the City of Kent has a widespread custom of using excessive force against inmates" or that "any deficiencies in training or supervision" caused the alleged violation.  Id. at 5.

Plaintiff argues that language in his complaint adequately states a claim: "The City of Kent is liable to [plaintiff] for violating his civil rights 'to the extent that the [City's] failure to train, supervise, and discipline police officers is a policy, practice or custom of the City of Kent.'"  Dkt. #14 at 8-9 (quoting Dkt. #1 at 7, ¶ 4.4).  His response urges consideration of matters outside the pleadings, which the Court declines.

1    Municipalities are not subject to liability for civil rights violations arising from the

2 isolated acts of employees.  See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691 (1978).

3 Municipalities can be liable when "the decisions of a government's lawmakers, the acts of its

4 policymaking officials, and practices so persistent and widespread as to practically have the

5 force of law" cause a deprivation of a legal right.  Connick v. Thompson, 563 U.S. 51, 60-61

6 (2011).  A municipality's failure to train employees "must amount to deliberate indifference to

7 the rights of persons with whom the untrained employees come into contact."  Connick, 563 U.S.

8 at 61 (internal quotation marks and citations omitted).  "Deliberate indifference [requires] proof

9 that a municipal actor disregarded a known or obvious consequence of his action.  [W]hen *city*

10 *policymakers* are on . . . notice that a *particular* omission in their training programs causes city

11 employees to violate citizens' constitutional rights, the city may be deemed deliberately

12 indifferent if the policymakers choose to retain that program."  Id. (emphases added).  "A less

13 stringent standard would result in de facto respondeat superior liability on municipalities."  Id. at

14 62 (internal quotation marks and citation omitted).

15    Considering only the pleadings, plaintiff alleges he was in custody at a facility operated

16 by the city and that Officer Cox was employed by the city at the facility when he suffered his

17 injuries.  There is no information supporting an inference that any municipal actor or

18 policymaker was aware of a defect in officers' training or that there was a "persistent and

19 widespread" problem of the sort that caused plaintiff's injuries.  Connick, 563 U.S. at 60-61.

20 Because plaintiff's allegation is factually insufficient, it is dismissed.

### IV. REMEDY

22    Entering judgment for the party that successfully moves for dismissal under Rule 12(c) is

23 not required.  "Dismissal with prejudice and without leave to amend is not appropriate unless it

24 is clear . . . that the complaint could not be saved by amendment."  Harris v. County of Orange,

25 682 F.3d 1126, 1131 (9th Cir. 2012).

26    Defendants allow that the civil rights claim against the City of Kent may be amended.

27
ORDER GRANTING DEFENDANTS'
RULE 12(c) MOTION FOR PARTIAL
28 JUDGMENT ON THE PLEADINGS - 6

Dkt. #16 at 5. They argue plaintiff's negligence claims cannot be saved by amendment because allegations of negligence cannot be made against intentional acts as a matter of law.  Dkt. #16 at 3.

While plaintiff's allegations of negligence are not factually supported by the complaint, plaintiff may remedy this by alleging additional facts.  See Manchester v. Ceco Concrete Const., LLC, C13-832RAJ, 2014 WL 3738650 at *2 (W.D. Wash. July 28, 2014) (noting plaintiffs may allege alternative theories of recovery).  The Court concludes dismissing the negligence claims with prejudice would be inappropriate.

## V. CONCLUSION

For the foregoing reasons, defendants' motion for partial judgment on the pleadings (Dkt. #13) is GRANTED.  Plaintiff's claim of negligent training and supervision is dismissed with prejudice.  Plaintiff's negligence claim against both defendants and civil rights claim against the City of Kent are dismissed without prejudice.  If plaintiff believes he can, consistent with his Rule 11 obligations, amend his complaint to remedy the deficiencies identified above, he may file a motion to amend and attach a proposed pleading for the Court's consideration, unless plaintiff chooses to proceed on the excessive force claim only.  If plaintiff wishes to amend his complaint, he must file a motion for leave to amend within 14 days of this order.


Dated this 7th day of February, 2017.


*MWt S Lasnik*

Robert S. Lasnik
United States District Judge

ORDER GRANTING DEFENDANTS'
RULE 12(c) MOTION FOR PARTIAL
JUDGMENT ON THE PLEADINGS - 7